Requestor: Edward M. Bartholomew, Jr., Town Attorney Town of Whitehall One Broad Street Plaza Glens Falls, New York 12801
Written by: James D. Cole, Assistant Attorney General in Charge of Opinions
You have asked whether under particular circumstances a person may hold the offices of member of a village board of trustees and member of a town board.
You indicate that the subject individual was elected to the board of trustees of the village in 1988 for a two-year term commencing April 1, 1988. On November 7, 1989, this individual was elected to the office of supervisor of the town for a two-year term commencing January 1, 1990. This individual will not seek reelection in the village elections to be held in March, 1990. Thus, he will overlap in both offices from January 1, 1990 to March 31, 1990, a three-month period.
The budget review process for the town was conducted during the fall of 1989 and the budget was duly adopted and filed in December, 1989. This individual did not participate in the budgetary process in that he was not at the time a member of the town board.
In the absence of a constitutional or statutory prohibition against dual-officeholding, one person may hold two offices simultaneously unless they are incompatible. The leading case on compatibility of office isPeople ex rel. Ryan v Green, 58 N.Y. 295 (1874). In that case the Court held that two offices are incompatible if one is subordinate to the other or if there is an inherent inconsistency between the two offices. The former can be characterized as "you cannot be your own boss", a status normally easy to see. The latter is not easily characterized, for one must analyze the duties of the two offices to ascertain whether there is an inconsistency. An obvious example is the inconsistency of holding both the office of auditor and the office of director of finance.
There are two subsidiary aspects of compatibility. One is that, although the common law rule of the Ryan case is limited to public offices, the principle equally covers an office and a position of employment or two positions of employment. The other is that, although the positions are compatible, a situation may arise where one has a conflict of interests created by the simultaneous holding of the two positions. In such a situation the conflict is avoided by declining to participate in the disposition of the matter. If such situations are inevitable as opposed to being possibilities, there is an inherent inconsistency in the positions.
We have found that the positions of member of a town board and member of a village board of trustees are incompatible (1980 Op Atty Gen [Inf] 119, 158). We based this finding on the fact that under section 277
of the Highway Law, in the preparation of the town budget the town board must annually determine whether real property in the village may be exempted from taxes for certain highway purposes (see, Highway Law, § 141[3], [4]). While this balancing of interests of the village and the town will occur only once a year, it is inevitable and substantial. The town budgetary process consumes considerable time and the impact of the town board's decision upon the taxes of the village and the town can be substantial.
In our view, this individual may serve out his term as village trustee. The town budgetary process does not take place again until the fall. Therefore, this individual will not be faced with the conflict of interests referred to in our opinion, because at the time of the town budgetary deliberations he will no longer serve as village trustee.
We conclude that a recently elected member of a town board may serve out his term as village trustee in that he will not serve in both positions during the next town budgetary process.
The Attorney General renders formal opinions only to officers and departments of the State government. This perforce is an informal and unofficial expression of views of this office.